UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80232-ROSENBERG

WHITE PEOPLE HUMOR, LLC,

    Plaintiff,

v.

THE 904 NOW LLC, *et al.*,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss. DE 7. The Motion is fully briefed, and the Court is otherwise fully advised in the premises. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

Plaintiff White People Humor, LLC is an entity that owns more than one Instagram page, including a page named "Florida Man" since 2018. In 2021, Plaintiff registered "Florida Man" as U.S. Trademark registration 6,423,149. In 2023, Defendants, the 904 NOW LLC and Peter Melfi, hosted "The Florida Man Games" and created an Instagram account using that same name. Plaintiff alleged multiple counts in which it claims that Defendants' use of "Florida Man" infringed on the trademark.

Defendants move to dismiss two[1] of the counts: Count III, the federal trademark dilution claim pursuant to 15 U.S.C. § 1125(c), and Count VI, the state trademark dilution claim pursuant

---

[1] Defendants also move to dismiss the entire Complaint on the basis that the Complaint is a shotgun pleading on the basis that each count incorporates allegations from the preceding counts. DE 7 at 13–14. Such incorporation is a type of shotgun pleading, but it is not dispositive. Shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Even with the Complaint's

to Fla. Stat. §§ 495.151 et seq.  Defendants argue the Complaint does not allege sufficient facts to support the conclusion that the trademark is "famous" as required and defined by the federal and state trademark dilution statutes. DE 7 at 7–13.  Plaintiff argues the trademark dilution claims are sufficiently pled. DE 8 at 6–9.

The elements of federal and Florida trademark dilution claims are the same: "'(1) the mark is famous; (2) the alleged infringer adopted the mark after the mark became famous; (3) the infringer diluted the mark; and (4) the defendant's use is commercial and in commerce.'" *Brain Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1356 (S.D. Fla. 2012) (quoting *Portionpac Chem. Corp. v. Sanitech Sys., Inc.*, 217 F. Supp. 2d 1238, 1251 (M.D. Fla. 2002)); *see also Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat. Univ.*, Inc., 91 F. Supp. 3d 1265, 1286 (S.D. Fla. 2015), aff'd sub nom. *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242 (11th Cir. 2016) (listing identical elements for trademark dilution claims under Florida law).

At this stage, the Court's review is limited to whether Plaintiff has alleged sufficient facts in support of the first element – that the mark is "famous". *Brain Pharma, LLC*, 858 F. Supp. 2d at 1357.  The Court accepts all factual allegations as true and grants all reasonable inferences in Plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Altogether, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  Because the definition of "famous" differs for the federal and Florida trademark dilution claims, the Court analyzes each statute's requirement separately.

"Famous" Under Federal Law

A trademark is famous under federal law if "it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the

---

incorporation of preceding counts, the Complaint's allegations are sufficiently clear.  The Court declines to dismiss the Complaint as a shotgun pleading.

mark's owner." 15 U.S.C. § 1125(c)(2)(A).  Since recognition by the general consuming public is the standard, courts have emphasized that trademarks with "niche fame" receive no federal trademark dilution protection. *E.g.*, *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1372 (Fed. Cir. 2012).  The mark must be "truly prominent and renowned." *HBP, Inc. v. Am. Marine Holdings*, Inc., 290 F. Supp. 2d 1320, 1338 (M.D. Fla. 2003), aff'd sub nom. *HBP, Inc. v. Am. Marine Holdings*, 129 F. App'x 601 (11th Cir. 2005) (quoting *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999)).  Examples of famous trademarks are "Budweiser beer, Camel cigarettes, or Barbie dolls." *Brain Pharma, LLC*, 858 F. Supp. 2d at 1357.  The federal statute provides a non-exclusive list of factors to determine general recognition:

> (i) The duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties.
> (ii) The amount, volume, and geographic extent of sales of goods or services offered under the mark.
> (iii) The extent of actual recognition of the mark.
> (iv) Whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

*Id.*

The Complaint's factual allegations as to the famousness of "Florida Man" revolve around Plaintiff's Instagram account.  Since May 2018, Plaintiff "has spent thousands of dollars in online social media campaigns, as well as ancillary advertising in connected accounts" resulting in over 1.4 million followers on Instagram. DE 1 at ¶¶ 30–31.  "Florida Man," the Complaint further states, "commands the majority of the market share in their respective commercial markets and as such [White People Humor] enjoys lucrative partnerships with multiple companies including Netflix, DoorDash, and the Miami [H]eat." *Id.* at ¶ 39.  "Florida Man" receives several thousand dollars per promotional post, operating in the influencer marketing industry (worth $2.1 billion). *Id.* at 37–40.  The trademark is registered on the principal register. DE 1-1 at 1.  Plaintiff attached an

online and print article in the South Florida Sun Sentinel, discussing "Florida Man" as a social media influencer's profile. DE 1-2 at 7–8.

Even accepting Plaintiff's allegations as true, the Court concludes that Plaintiff's Instagram account is not "famous" as construed under federal law.  Without more, 1.4 million Instagram followers and promotional posts on Instagram do not support a claim of recognition by the general consuming public.  Plaintiff has not pled any facts to allege that the general public in the United States would see "Florida Man" and recognize it as an Instagram page.  At best, Plaintiff has pled niche fame—a status that federal trademark dilution laws do not protect.  Therefore, the Court finds that Plaintiff has not pled sufficient facts to claim its mark is "famous" for federal trademark dilution protection and the Court DISMISSES Count III.

## "Famous" Under Florida Law

Interpreting Florida's anti-dilution statute, the Eleventh Circuit notes that "famous" means "'the mark must have a degree of distinctiveness and strength beyond that needed to serve as a trademark; it must be truly prominent and renowned.'" *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1286 (11th Cir. 2016) (quoting *MPS Entm't, LLC v. Abercrombie & Fitch Stores, Inc.*, No. 11–24110–CIV, 2013 WL 3288039, at *16 (S.D. Fla. June 28, 2013)). Examples of trademarks "famous" in Florida are "Florida International University" and "FIU." *Id.* at 1287.  Florida's trademark dilution statute provides its own non-exclusive list of factors in determining whether a trademark is "distinctive and famous":

> (a) The degree of inherent or acquired distinctiveness of the mark in this state.
> (b) The duration and extent of use of the mark in connection with the goods and services with which the mark is used.
> (c) The duration and extent of advertising and publicity of the mark in this state.
> (d) The geographical extent of the trading area in which the mark is used.
> (e) The channels of trade for the goods or services with which the mark is used.

4

>     (f) The degree of recognition of the mark in the trading areas and channels of trade in this state used by the mark's owner and the person against whom the injunction is sought.
>     (g) The nature and extent of use of the same or similar mark by third parties.
>     (h) Whether the mark is the subject of a state registration in this state or a federal registration under the Federal Trademark Act of March 3, 1881, or the Federal Trademark Act of February 20, 1905, or a principal register registration under the Federal Trademark Act of July 5, 1946.

Fla. Stat. § 495.151(1).

As with the federal dilution claim, Plaintiff has failed to plead that "Florida Man" is distinctive and famous in Florida. The only allegations focusing on Florida relate to the singular South Florida Sun Sentinel article. Nothing else that Plaintiff provided about "Florida Man" focused on the Instagram page's reach in Florida. Plaintiff has not pled any facts supporting the inference that its trademark is distinctive or that the trademark has a high degree of recognition in the state, whether on or off social media. The Court DISMISSES Count VI.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss, DE 7, is **GRANTED IN PART** and **DENIED IN PART** as more fully set forth in this Order. The Court dismisses Counts III and VI. Defendant shall file an answer to the Complaint by June 23, 2024.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 14th day of June, 2024.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE